DOROTHY GRANT, an Infant, by FLORENCE GRANT, Her Guardian ad Litem, and Another, Respondents, v. HARRIS HAUSMAN, Appellant.

First Department, January 13, 1933.

*William Dike Reed* of counsel [*Edward A. Lynn* and *Phineas L. Webber* with him on the brief; *Bernard J. Vincent*, attorney], for the appellant.

*Harry Zeitlan* of counsel [*Harry Miller*, attorney], for the respondents.

MERRELL, J.   The infant plaintiff sued to recover for personal injuries which she claimed to have sustained as the result of the negligence of the defendant, the owner of a building situated at Nos. 1608–1610 Newkirk avenue, Brooklyn, N. Y.   Defendant's said building is a one-story affair known as a " taxpayer."   In the rear of the building there was an alleyway running from East Sixteenth street from a point a short distance south of Newkirk avenue to East Seventeenth street.   In the rear of defendant's building said alleyway widened into a considerable yard.   Along the southerly side of this alleyway there is a paved sidewalk running its entire length from East Sixteenth street to East Seventeenth street.   There is some evidence that persons were sometimes accustomed to walk from East Sixteenth street to East Seventeenth street through this alleyway.   There is also evidence that children sometimes played in the alleyway, although the infant plaintiff stated that she had not played in the alleyway prior to the time when she suffered her injuries.   The infant plaintiff, on April 30, 1931, then about seven years of age, was at play with a still younger child on the sidewalk of East Sixteenth street, when the ball with which the children were playing rolled into this alleyway and down the alleyway toward East Seventeenth street.   When it was about opposite the building of the defendant the ball rolled from the walk across the open space and into an areaway covered by an iron grating somewhat out of repair.   The store owned by the defendant was at the time leased to a man by the name of James Cincotta as a fruit store.   The areaway covered by this iron grating was for the purpose of furnishing light to the basement of said store.   The infant plaintiff testified that she followed the ball down the alleyway and endeavored to catch up with it before it ran into the grating.   She testified that as she attempted to catch her ball she fell upon the grating and received the injuries for which she sued.

Neither the infant nor her mother ever notified the defendant, the owner of the building in question, or the tenant, Cincotta, of the accident.   Defendant's first knowledge that the infant plaintiff had sustained injuries was when he was served with the summons in the action.

The court, at the close of the evidence, directed a verdict in

favor of the infant plaintiff for $2,500 and in favor of the mother for $500. In our opinion the testimony in this case fails to establish any liability on the part of the defendant for the accident which befell the infant plaintiff. While there was some evidence that this open space or yard in the rear of the defendant's building was a place where children had been accustomed to play, there was no evidence that the defendant ever knew of such practice. The grating upon which the infant plaintiff fell was at least fifteen feet away from the paved walk in the alley over which persons sometimes walked in going from East Sixteenth street to East Seventeenth street. We do not think the infant plaintiff, under such circumstances, can be said to have been either an invitee or a licensee in going upon the defendant's premises and the defendant owed no affirmative duty to her.

We are, therefore, of the opinion that the evidence in the case established no liability on the part of the defendant to the plaintiff, and that, therefore, the judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs to defendant, appellant, against plaintiffs, respondents.

FINCH, P. J., MARTIN, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.